## In re CRABB'S WILL.

Circuit Court, Lake County, Civil Appeal.

April 3, 1957.

P. C. Gorman, Leesburg, for appellants.

Z. D. Giles, Leesburg, for appellee.

T. G. FUTCH, Circuit Judge.

This case comes on appeal from the county judge's court, Lake County. The appeal was entered by Martha Belle Crabb Stover and Kathryn Crabb Benard, who are two of the beneficiaries under the last will and testament of Mary Pryor Crabb, deceased, whose will was duly admitted to probate. The First National Bank of Leesburg was appointed and qualified as administrator cum testamento annexo.

On November 13, 1956 the administrator filed in the county judge's court a written instrument which it designated — "Report and Petition." That portion of the instrument which was doubtless intended to be covered under the word "report" pertains to certain property coming into the administrator's hands as assets of the estate, shows disposition of some of the real estate by sale and conveyance, and further reports that the appellants now before this court have demanded that their shares of the estate be paid to them in cash and that other of the beneficiaries have indicated their desire or willingness to accept their shares part in cash and part in undivided interests. The petition requested authority from the court to sell enough of the real estate at its appraised value, theretofore made, to enable the administrator to pay the appellants their distributive shares of the estate in cash.

On November 14, 1956 the county judge entered his order approving the report and ordering sale of the properties in accordance with the prayer of the petition. From this order the appellants Martha Belle Crabb Stover and Kathryn Crabb Benard entered their appeal to this court on December 7, 1956.

It is apparent from the proceedings in the court below that the entire contention presented here arises from the willingness (if not a desire) on the part of the several beneficiaries to gain an advantage over some or all of the other beneficiaries in the distribution

of the estate — as is usually the case in matters of this kind, while the administrator is doing its best to *please* all parties concerned.

The record before this court does not state definitely that all debts and obligations of the estate have been paid and satisfied, but it is fair to assume from the statements in the administrator's report and petition that nothing remains to be done other than to make distribution of the estate assets to the beneficiaries in accordance with the terms of the will.

It appears from the report and petition that the administrator is of the opinion that the will requires the administrator to undertake to divide the real estate among the beneficiaries in parcels or parts of equal value, or to use the cash on hand and to be realized from the sale of a portion of the real estate so as to enable it to equalize the distribution in cash value, treating both cash and real estate as a single entity to be divided among the beneficiaries in equal shares by the administrator — making actual conveyance of particular and described parcels of land to those who are willing to accept real property as part or all of their respective shares.

This court is of the opinion that the administrator is neither required nor authorized, under the terms of the will or the law applicable, to attempt any partition or division of real estate into seven equal parts or otherwise, and make distribution thereof to either part or all of the beneficiaries.

The will now before the court covers two contingencies. *First,* it provides that if her husband, Rowland R. Crabb, had survived her, her estate would have been held in trust for the benefit of her husband during his lifetime, and upon his death the will provides for the estate then remaining to be divided — "into as many equal parts, or shares, as shall be equal to the number of the children of Rowland R. Crabb, who shall be surviving at the time of the death of my husband, Rowland R. Crabb, and of his children who shall have predeceased my said husband, leaving any lineal descendant, or lineal descendants, who shall survive my said husband, and to *convey, transfer,* and *pay over* one of such equal parts, or shares, to each child of my husband Rowland R. Crabb, who shall survive my said husband, and I give, devise and bequeath the same to him, or her accordingly and to *convey, transfer,* and *pay over* one of such equal parts or shares, to the lineal descendant, or lineal descendants, of each of the children of my husband Rowland R. Crabb, who shall have predeceased my said husband Rowland R. Crabb, leaving such lineal descendant, or lineal descendants, him surviving, in equal shares, per stirpes, and not per capita, and I give, devise and bequeath the same to him, her, or them accordingly". (Italics added.)

*Second,* the will provides for the contingency of the husband not surviving the testatrix, which is the contingency here presented to the court. The provisions of the will under the contingency now before the court are somewhat different from those of the first contingency in that there is no provision for the personal representative to "convey, transfer and pay over" the respective shares to each of the beneficiaries. It is simply provided that the assets of the estate — "shall be divided into such a number of equal parts, or shares, as shall be equal to the number of children of my husband, Rowland R. Crabb, who shall survive me, and of the children of Rowland R. Crabb, who shall have predeceased me leaving any lineal descendant, or lineal descendants, who shall survive me, and one of such equal parts, or shares, I give, devise and bequeath to each child of my husband Rowland R. Crabb, who shall survive me and one of such equal parts, or shares, I give, devise and bequeath to the lineal descendant, or lineal descendants, of each of the children of my husband Rowland R. Crabb, who shall have predeceased me, leaving such lineal descendant, or lineal descendants, me surviving, share and share alike, per stirpes, and not per capita."

The facts are that the husband predeceased the testatrix and the estate was not subject to the trust provisions and terms of distribution provided in the event the husband survived the testatrix — and that portion of the will has no bearing upon the distribution of the estate under the second contingency, from which the administrator derives its powers and duties.

Under the provisions of the will now applicable, the administrator cum testamento annexo is without power or authority to divide and convey the remaining real estate to the devisees, and no such duty is or can be imposed on the administrator.

Under the law, title to the real estate vested in the devisees, subject only to possession by the administrator, and subject to sale for the purpose of paying debts, and for no other purpose.

The administrator is not a successor to, nor was it appointed in the place and stead of the executor and trustee named in the first contingency providing for distribution of the estate had the husband survived the testatrix. The provisions of the second, fourth and fifth paragraphs of the will are of no effect and cannot be considered in construing the provisions of the will and disposing of the estate's assets.

The testatrix simply intended to make sure that the children of her husband, and the descendants of such of them as might not survive her, would share in the estate in like manner and to the

same extent as they would have under the law had they been heirs of her body, her own lineal descendants. Had the will designated or described the particular real estate to go into each of the seven shares provided for, the result would have been otherwise, but under the terms of the will the devisees take the real estate remaining as co-partners or tenants in common. See section 734.04, F.S.A. or Fla. Statutes 1955, and sections 731.23, 731.25, Fla. Statutes 1955.

The powers enumerated for Rowland R. Crabb as executor of the will must be interpreted and applied to his position as trustee because had he survived testatrix he would have taken all the property as trustee and not as executor — except for the necessary routine of probate which would have been a very simple affair — and the powers enumerated relate solely to Rowland R. Crabb in his position *as trustee* and are simply a reiteration of the powers vested in such trustee by the second paragraph of the "second" division of the will. The clearest statement of the law which I have been able to find is contained in section 786, page 821, volume 21, American Jurisprudence, under the title "Executors and Administrators," and reads in part as follows —

"The line of demarcation between that class of cases where the duties imposed upon an executor by a testator are such as pass to, and are to be discharged by, his successor and that other class of cases where the duties imposed are personal to the executor is not clearly drawn and, from the very nature of things, cannot be. The circumstances of the individual case and the nature of the power given are important factors. Generally, it may be said that in the absence of any statutory provision to the contrary, a power granted to an executor which implies a personal confidence reposed in the individual over and beyond that which is ordinarily implied in the selection of an executor does not pass to, or devolve upon, the administrator with the will annexed by virtue of his appointment, and he acquires no authority by reason of such power. Such an administrator does not succeed to discretionary powers given to the executor or to powers which are conferred upon the executor as trustee, unless it is clear that such was the intention of the testator. Cases of this kind fall within the category of those where a court of equity will not permit a trust to fail for the want of a trustee, and accordingly, the court will appoint one and clothe him with authority adequate to the duties to be discharged. A discretionary power of sale does not pass to the administrator de bonis non. Where, however, the will shows an intention to confer the power on the executor virtute officii,

and such power does not involve any personal discretion on his part, it passes to, and may be exercised by, an administrator with the will annexed or an administrator de bonis non with will annexed. In other words, where it appears that the testator did not contemplate the existence of a personal trust in the executor, the power will vest in the administrator with the will annexed."

It therefore follows that the able county judge sitting in probate was in error when he granted the petition of the administrator c.t.a. and made his order pursuant thereto on the 14th day of November and recorded on the 26th day of November, 1956. Accordingly, such order must be reversed and set aside and order of this court exercising appellate jurisdiction in the matter will be entered accordingly.